# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ALABAMA
# SOUTHERN DIVISION

| | |
|---|---|
| **MIKE MORGAN INDUSTRIAL, LLC,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v.  ) | **CASE NO.:** |
| ) | |
| **TRIO ENGINEERED PRODUCT, INC.**, a/k/a **TRIO ENGINEERED PRODUCTS, INC.**, d/b/a **WEIR MINERALS PROCESS SYSTEMS,** also d/b/a **THE WEIR GROUP, PLC; FICTITIOUS DEFENDANTS A, B and C**, are those individuals, partnerships, or other entities that otherwise are liable for the debt related to this action as a successor or assignee of the contract and/or guarantor, or who acted as principals, agents or representatives of Trio Engineered Product, Inc. or which owe the accounts and debts set forth herein; **DEFENDANTS D, E and F**, who are the persons or entities that received the benefit of work, labor and materials of Plaintiff, ) | |
| ) | |
| Defendants. ) | |

## **COMPLAINT**

COMES NOW the Plaintiff, Mike Morgan Industrial, LLC, by and through

1

its undersigned counsel, pursuant to the Federal Rules of Civil Procedure, and files this Complaint against the Defendants and avers as follows:

## PARTIES

1. Plaintiff, Mike Morgan Industrial, LLC (hereinafter, "MMI") is a domestic limited liability company with its principal place of business in Shelby County, Alabama.

2. Defendant Trio Engineered Product, Inc., a/k/a Trio Engineered Products, Inc., d/b/a Weir Minerals Process Systems, also d/b/a The Weir Group, PLC (hereinafter, "Trio") is, upon information and belief, a California corporation doing business in Birmingham, Alabama, with its principal place of business located at 12823 Schabarum Avenue, Irwindale, California 91706.  Upon information and belief, Defendant Trio is engaged in the aggregate minerals products industry and also operates at 1133 Distribution Drive, Birmingham, Alabama 35209, the address of its Alabama registered agent.

3. Fictitious Defendants A, B and C, are those individuals, partnerships, or other entities that otherwise are liable for the debt related to this action as a successor or assignee of the contract and/or guarantor, or who acted as principals, agents or representatives of Trio Engineered Product, Inc. or which owe the accounts and debts set forth herein and whose identities are not presently known, but who will be added by substitution upon identification.

4. Fictitious Defendants D, E and F, are the persons or entities that received the benefit of work, labor and materials of Plaintiff which otherwise owe the accounts and debts, whose identities are not presently known, but who will be added by substitution upon identification.

## JURISDICTION AND VENUE

5. This Court has jurisdiction of this action pursuant to 28 U.S.C. § 1332(a)(2), as Trio is a citizen of a foreign state, MMI is a citizen of Alabama, and the amount in controversy exceeds $75,000, exclusive of interest and costs.

6. Venue is proper in the United States District Court, Northern District of Alabama, Southern Division, pursuant to 28 U.S.C. § 1391, as Trio resides in and conducts business in this District and Trio is subject to the personal jurisdiction of this Court.

## FACTS

7. Defendant, Trio, retained Plaintiff to perform industrial construction-related services under Trio's supervision and control for the APAC-Mississippi, Inc. plant located in Yazoo City, Mississippi (hereinafter "the Project").

8. MMI was to provide labor, equipment and limited materials for the Project. MMI was to install equipment supplied by Trio and drawings supplied by Trio.

9. The work was performed pursuant to a series of purchase orders between Trio and MMI. Trio paid all invoices until the project was near completion.

10. MMI performed the work according to the direction, supervision and approval of Trio.

11. To date, Trio has failed and/or refused to pay the remaining invoices dated September 19, 2017 through October 29, 2017. These invoices numbered 1640-25, 1640-26, 2640-27, 1640-28, 1640-29 and 1640-30 are attached hereto as Exhibit A.

12. Subsequent to the approval by Trio of MMI's work, Trio stopped paying MMI's invoices and made complaints that MMI's work, which Trio had previously approved, was improperly performed.

13. Upon information and belief, Trio has made repairs to MMI's allegedly defective work without allowing MMI to inspect the alleged defects or perform any repairs.

14. Trio is now withholding payment of the invoices in Exhibit A and, upon information and belief, has performed work in excess of $66,000.00 which it attributes to MMI's defective work.

15. Trio owes Plaintiff an indebtedness of at least $152,303.76 for work on the Project despite Plaintiff's repeated demands that payment be made.

## COUNT ONE
## BREACH OF CONTRACT

16. Plaintiff adopts and realleges paragraphs 1 through 15 above as if fully set forth herein.

17. Plaintiff and Defendants entered into valid contracts in which Trio and/or Fictitious Defendants promised, among other things, to pay Plaintiff for Plaintiff's provision of labor, services and materials, relevant to the Project with reasonable promptness.

18. Plaintiff has fully complied with its obligations under the purchase orders attached as Exhibit A. Trio and/or Fictitious Defendants have breached the contract by refusing to remit payment for the labor, services, and materials supplied by Plaintiff, failing to properly furnish proper supervision and drawings for the Project, failing to properly furnish information or services relevant to Plaintiff's performance of work with reasonable promptness, and by failing to resolve the alleged improper work performed by MMI with the opportunity to cure and/or perform repairs to the alleged defective work

19. Plaintiff has been damaged because of this breach of contract by Trio and/or Fictitious Defendants.

WHEREFORE, Plaintiff demands judgment against the Defendants in a sum in excess of the jurisdictional limits of this court for work under the contract plus interest, reasonable attorney fees, court costs, and reasonable expenses to be

paid by Defendants for the prosecution of this matter as provided for in the Prompt Payment Act, Alabama Code § 8-29-3(d) and § 8-29-6, as well as all other relief to which Plaintiff may be entitled.

## COUNT TWO
## QUANTUM MERUIT

20. Plaintiff adopts and realleges paragraphs 1 through 19 above as if fully set forth herein.

21. The Defendants knowingly accepted Plaintiff's services and the benefits and the results of Plaintiff's services.

22. By accepting the services of Plaintiff, the Defendants agreed to pay to MMI the value of those services rendered.

23. Plaintiff had a reasonable expectation of compensation for its services.

24. Trio and/or Fictitious Defendants have failed and/or refused to pay the value of the services rendered by MMI in the amount of $152,303.76.

WHEREFORE, Plaintiff demands judgment against the Defendants in a sum in excess of the jurisdictional limits of this court for the services it performed for and benefits it conferred upon the Defendants, plus interest and costs of this action, as well as all other relief to which Plaintiff may be entitled.

## COUNT THREE
## UNJUST ENRICHMENT

25. Plaintiff adopts and re-alleges paragraphs 1 through 24 above as if

fully set forth herein.

26. Defendants accepted services performed by MMI and the benefit and result thereof with knowledge that MMI held the right to be paid for such services.

27. By refusing to pay MMI the value of services performed by MMI and delivered and accepted by Trio and/or Fictitious Defendants, Trio and/or Fictitious Defendants retained money that in equity and good conscious should be paid to MMI.

WHEREFORE, Plaintiff demands judgment against the Defendants in the amount of $152,303.76, plus interest, costs, attorney fees and any other relief to which it may be entitled.

## COUNT FOUR
## OPEN ACCOUNT

28. Plaintiff adopts and re-alleges paragraphs 1 through 27 above as if fully set forth herein.

29. The Defendants entered into an agreement to obtain Plaintiff's labor, services and materials from the Plaintiff in exchange for payment on open account for the services provided. Defendants have failed to make payment for the labor, services and materials requested and received from the Plaintiff as required under the terms of the purchase orders and invoices.

30. Defendants owe the Plaintiff $152,303.76 for labor, services and materials requested and received from the Plaintiff, plus interest, costs, penalties and

7

attorney fees to MMI.  Defendants have not made payment for labor, services and materials ordered from the Plaintiff on an open account.

31. Defendants have been contacted about said debt and have failed to make timely payment under the terms of their agreement with the Plaintiff.

WHEREFORE, the Plaintiff demands judgment against Defendants in the amount of $152,303.76, plus interest, costs, penalties and attorney fees and any other relief to which it may be entitled.

## COUNT FIVE
## MONIES OWED

32. Plaintiff adopts and re-alleges paragraphs 1 through 31 above as if fully set forth herein.

33. Defendants owe the Plaintiff $152,303.76.  The Defendants requested and received, but have not paid for $152,303.76 worth of labor, services and materials from the Plaintiff.

34. Plaintiff demands that Defendants pay the sum of $152,303.76, plus interest, costs, penalties and attorney fees to the Plaintiff to recover monies owed to Plaintiff by Defendants.

WHEREFORE, the Plaintiff demands judgment against Defendants in the amount of $152,303.76, plus interest, costs, penalties, and attorney fees and any other relief to which it may be entitled.

## COUNT SIX
## ACCOUNT STATED

35. Plaintiff adopts and re-alleges paragraphs 1 through 34 above as if fully set forth herein.

36. There exist accounts stated between Plaintiff and Defendants. Upon the most recent statement, a balance exists amounting to the sum of $152,303.76.

37. Defendants agreed to pay the sum of $152,303.76 plus interest, costs, penalties and attorney fees to Plaintiff.

38. No part of the $152,303.76 has been paid, nor has any interest on such sum been paid. Defendants have been made aware of this debt, but have refused to make timely payment. There is now due, owing and unpaid from the Defendants to Plaintiff on the account stated the sum of $152,303.76 plus interest, costs, penalties and attorney fees.

WHEREFORE, the Plaintiff demands judgment against Defendants in the amount of $152,303.76 plus interest, costs, penalties and attorney fees and any other relief to which it may be entitled.

## COUNT SEVEN
## NEGLIGENCE - FAILURE TO SUPERVISE

39. Plaintiff adopts and re-alleges paragraphs 1 through 38 above as if fully set forth herein.

40. Defendants had a duty to supervise its subcontractor.

41. To the extent there existed any defective work, which the Plaintiff denies, the Defendants breached its duty to supervise by incorrectly designing, fabricating, manufacturing, supervising and approving MMI's work in the following non-exclusive particulars:

    a.    conveyor head and tail pulley bearings: pulleys are located at C2, C3, C4, C5, C7, RS1, RS2, CC1, CC2 and CC5;

    b.    fastener installation on numerous pieces of equipment, including CC5, RS1, RS2, PS1, PS2 along with structural locations throughout the plant.

    c.    PS2 screen support structure;

    d.    screen media and screen deck components;

    e.    CV001 guard;

    f.    feed hopper head pulley;

    g.    radial stacker guarding;

    h.    anchor bolting: such as CPS1, and the PS2 structure;

    i.    belt scrapers.

42. As a direct and proximate result of the breaches above, MMI has been blamed for alleged defective work which was designed, drawn, fabricated, supervised and/or approved by the Defendants but for which the Defendants refuse to pay.

43. The Defendants knew, or should have known that failing to properly design, draw, fabricate, supervise and/or approve MMI's work would result in damage to MMI.

44. It was reasonably foreseeable that failing to properly design, draw, fabricate, supervise and/or approve MMI's work would result in damage to MMI, including a result in business losses to MMI.

45. As a result of the Defendants' breach of duty, MMI suffered economic harm of no less than $152,303.76, exclusive of attorney fees, interest and cost and damage to its reputation and business operations.

WHEREFORE, the Plaintiff demands judgment against Defendants in a sum to be determined at trial, including but not limited to, MMI's direct and consequential damages, together with interest, costs and expenses of this litigation and any other relief to which it may be entitled.

## COUNT EIGHT
## PROMISSORY ESTOPPEL

46. Plaintiff adopts and re-alleges paragraphs 1 through 45 above as if fully set forth herein.

47. Defendants made a promise to Plaintiff that they would properly design, draw, fabricate and/or manufacture equipment for the Project and/or supervise MMI's work on the Project.

11

48. Defendants made this promise with the reasonable expectation that MMI would rely on the promises.

49. MMI reasonably relied on Defendants' promises.

50. Because the Defendants failed to design, draw, fabricate and/or manufacture equipment for the Project and/or supervise MMI's work for the Project, MMI has suffered economic harm of no less than $152,303.76, exclusive of attorney fees, interest and cost and damage to its reputation and business operations.

51. Further, the Defendants approved MMI's work for the Project but later rejected MMI's work as allegedly defective. The Defendants' performed alleged repairs without allowing MMI to do so, or allowing MMI the opportunity to cure.

52. MMI has been deprived of the opportunity to repair or cure and, upon information and belief, the Defendants' have spoliated any evidence of the allegedly defective work performed by MMI.

53. As a result of the Defendants' actions, MMI has suffered economic harm of no less than $152,303.76, exclusive of attorney fees, interest and cost and damage to its reputation and business operations.

54. The Defendants should be estopped from asserting any alleged defective work by MMI due to the actions of the Defendants.

WHEREFORE, the Plaintiff demands judgment against Defendants in a sum to be determined at trial, including but not limited to, MMI's direct and

consequential damages, together with interest, costs and expenses of this litigation and any other relief to which it may be entitled.

Respectfully submitted this 20th day of November, 2017.

        Respectfully submitted,

        */s/ Tamera K. Erskine*
        Tamera K. Erskine (asb-9262-e65t)

**OF COUNSEL:**
WEBSTER, HENRY, BRADWELL,
   COHAN, SPEAGLE & DESHAZO, P.C.
Two Perimeter Park South, Suite 445 East
Birmingham, Alabama 35243
Telephone: (205) 518-8973
Email: Tamera@websterhenry.com

        *Attorney for Plaintiff*
        *Mike Morgan Industrial, LLC*

## JURY DEMAND

Pursuant to Fed. R. Civ. P. 38(b), MMI demands a trial by jury on all triable issues.

        */s/ Tamera K. Erskine*
        Tamera K. Erskine (asb-9262-e65t)

**OF COUNSEL:**
WEBSTER, HENRY, BRADWELL,
   COHAN, SPEAGLE & DESHAZO, P.C.
Two Perimeter Park South, Suite 445 East
Birmingham, Alabama 35243
Telephone: (205) 518-8973
Email: Tamera@websterhenry.com

        *Attorney for Plaintiff*
        *Mike Morgan Industrial, LLC*

**DEFENDANTS CAN BE SERVED BY CERTIFIED MAIL AT THE FOLLOWING ADDRESSES:**

Trio Engineered Products, Inc.
Through its agent for service
Bradly Hrbek
1133 Distribution Drive
Birmingham, AL  35209